IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WANDA T. ANDALUZ-PRADO                                              PLAINTIFF

V.                              CASE NO. 5:16-CV-05123

SHERIFF TIM HELDER; and
PUBLIC DEFENDER BLAKE
CHALLENGER                                                          DEFENDANTS

OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Wanda T. Andaluz-Prado under the provisions of 42 U.S.C. § 1983. Andaluz-Prado proceeds *pro se* and *in forma pauperis*. She is incarcerated in the Washington County Detention Center (WCDC).

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Andaluz-Prado is being held on a first degree murder charge. Andaluz-Prado has sued Sheriff Tim Helder for having released her private information and having authorized news media to publish pictures taken in the courtroom at the jail. Specifically, she contends the jail released a court date for her "sentencing" and allowed the media to publish a picture of her in a jail uniform. With respect to the court date, Andaluz-Prado states it was released as a "sentencing"

1

date. She asserts this was clearly false as she has not yet been convicted of a crime. She contends these actions have violated her right to privacy and damaged her reputation.

With respect to Blake Challenger, her public defender, Andaluz-Prado contends he has breached the attorney client privilege. Specifically, she alleges the following: "(1) documents entered in my name and signed in my name; (2) the results of my mental exam published on the internet and newspapers; (3) photo of myself in jail scrubs from the first day in front . . . of the judge." (Doc. 1, p. 8).

Andaluz-Prado has attached to the Complaint: a picture of her in her jail uniform looking down at something with a man at her side, presumably Blake Challenger; a newspaper article in English stating Andaluz-Prado was declared mentally fit to stand trial; and a newspaper article in Spanish.

As relief, Plaintiff seeks to be exonerated on all charges brought against her. She also seeks monetary damages as a result of the release of information and her photograph.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d

537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Andaluz-Prado's claims are subject to dismissal. First, she has no right to privacy in her arrest records or in her appearance at a place open to members of the public. It has been recognized that a constitutional right to privacy exists as to certain forms of personal information possessed by the state if "an individual has a legitimate expectation . . . that it will remain confidential while in the state's possession." *Sheets v. Salt Lake Cnty.*, 45 F.3d 1383, 1387 (10th Cir. 1995). "The constitutional right to privacy is generally limited to only the most intimate aspects of human affairs." *Wade v. Goodwin*, 843 F.2d 1150, 1153 (8th Cir. 1988) (citations omitted); *Powell v. Schriver*, 175 F. 3d 107, 112 (2d Cir. 1999) (gratuitous disclosure of inmate's confidential information violates the Constitution). The right to privacy is balanced against legitimate penological interests. *Id*.

Arrest records, including any booking photographs, are public records and are not protected from disclosure. *See* Ark. Code Ann. § 25-19-103(7)(A) (definition of public records) (2015); *Furman v. Holloway*, 312 Ark. 378 (1993) (inmate's prison file was public record). The booking information available to the public clearly does not infringe on the "most intimate aspects of human affairs." The fact that Andaluz-Prado has not been convicted of the crime with which she is charged does not serve to exclude these public records from disclosure. The definition of public records is broad. Specifically, the term is defined as follows:

> "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency or improvement district that is wholly or partially supported by public funds or expending public funds. All Records maintained in public

offices or by public employees within the scope of their employment shall be presumed to be public records.

*Id.*

There is an exemption for "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity." Ark. Code Ann. § 25-19-105(b)(6)(2015). This exemption is inapplicable to this case. Andaluz-Prado has been charged and is awaiting trial.

With respect to the pictures taken by the media and published, the named Defendants are not alleged to have been involved in the actions of the media. Except in rare exceptions, not applicable to this case, court proceedings are open to members of the public. "Once beyond the confines of the courthouse, a news-gathering agency may publicize, within wide limits, what its representatives have heard and seen in the courtroom." *Estes v. Texas*, 381 US. 532, 589 (1965).

Andaluz-Prado had no right to privacy in her booking information or in the taking of her photograph. No claim of constitutional dimension is stated.

To the extent Andaluz-Prado makes a claim against the Defendants based on damage to her reputation, the claim fails as a matter of law. "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981); *see also Wade*, 843 F.2d at 1152 (8th Cir. 1988) (finding that cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in her reputation is not considered liberty or property protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 711-712 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed.

4

Appx. 676 (2d Cir. 2002).

Next, Plaintiff asserts claims against her public defender, Blake Challenger. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in her criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Finally, given that all claims this Court has original jurisdiction over are being dismissed, I decline to exercise supplemental jurisdiction over any potential state law claims the Plaintiff may have. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. Therefore, it is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 17th day of August, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE